NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0677n.06
Filed: September 18, 2007

Case No. 06-1602

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| LLOYD MARKS, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| NEWCOURT CREDIT GROUP, | ) | DISTRICT OF MICHIGAN |
| INCORPORATED; NEWCOURT | ) | |
| FINANCIAL USA, INCORPORATED; | ) | |
| CIT GROUP INCORPORATED, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | |
| _____ | ) | |

BEFORE:  BATCHELDER and MOORE, Circuit Judges; COLLIER[*], District Judge.

**ALICE M. BATCHELDER, Circuit Judge.**  Plaintiff-Appellant Lloyd Marks appeals the district court's grant of summary judgment in favor of Newcourt Credit Group, Incorporated, Newcourt Financial USA, Incorporated, and CIT Group Incorporated (collectively "Newcourt") on Marks's breach of contract  and constructive discharge claims[1].

In January 1998, Newcourt acquired all of the stock of Marks's employer, AT&T Capital, where Marks served as the President and Chief Operating Officer ("COO") of the Systems Leasing unit.  Following negotiations to continue in the same role with Newcourt, Newcourt authored a

---

[*]The Honorable Curtis L. Collier, United States District Judge for the Eastern District of Tennessee, sitting by designation.

[1]One of Marks's contract-related claims survived summary judgment.  The parties later settled the claim, and it is not before the court.

December 19, 1997, letter that contained the proposed compensation arrangement for Marks and stated that Marks would "maintain the terms of [his] employment on substantially the same terms and conditions as they existed prior to the Closing." Marks accepted employment with Newcourt and remained the COO of the Systems Leasing unit. In February 1999, Marks suffered a heart attack and went on disability leave. Marks did not return to Newcourt. Instead, he brought suit against Newcourt alleging, among other things, that Newcourt breached his employment contract and constructively discharged him by substantially changing and reducing his duties, responsibilities and compensation.

Newcourt removed the case to federal court, arguing that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*., preempted Marks's claims. The district court dismissed Marks's breach of contract claim as preempted and entered judgment against Marks on the ERISA claims. We affirmed the district court as to Marks's ERISA claims, but reversed the dismissal of Marks's breach of contract claim because it was not preempted by ERISA. *Marks v. Newcourt Credit Group, Inc.*, 342 F.3d 444, 453 (6th Cir. 2003) ("Marks alleges that, without cause, Newcourt significantly altered his duties and reduced his compensation. Because this conduct may constitute a breach of Marks's employment contract irrespective of the [employee benefit] plan, the breach of contract claim is not preempted.").

Following remand from this court, the district court considered Marks's contract claims. Marks argued that he had a just cause employment contract with Newcourt and that Newcourt breached the contract when Newcourt all but eliminated his position. Newcourt contended that because Marks was an at-will employee, there was no employment contract for it to breach.

The district court thoroughly reviewed the evidence in the record and concluded that Marks

2

was an at-will employee and no employment contract existed. The district court held, in the alternative, that even if an employment contract existed, Marks could not demonstrate that Newcourt constructively discharged him by changing the conditions of his employment.

We have undertaken a *de novo* review of the record, applicable law, and the parties' briefs. As the district court's opinion carefully and correctly sets out the law governing at-will employment in Michigan, and clearly articulates the reasons underlying its decision, the issuance of a full written opinion by this court would serve no useful purpose. Accordingly, on the issue of at-will employment, for the reasons stated in the district court's opinion, we **AFFIRM**. Because we find that the district court correctly concluded that no employment contract existed, we do not reach the constructive discharge issue.